COMMONWEALTH *vs.* RUSSELL BENT. January 21, 1985. *Homicide. Malice. Self-Defense. Practice, Criminal,* Instructions to jury, Argument by prosecutor.

1. *Jury instructions.* In the course of instructing the jury on murder — the defendant was convicted of second degree murder — the judge defined "malice aforethought" by describing it as a "frame of mind which includes not only anger, hatred and revenge, but also every other unlawful and unjustifiable motive. It is an intent to inflict injury without legal justification." Defense counsel at trial found no fault with the instruction on the two occasions when he had an opportunity so to do: the first time after the primary charge to the jury; and the second time after the judge gave supplementary instructions in response to questions put by the jury during their deliberations. New counsel argues on appeal that the charge was defective in so far as it failed to require that the intent must be to inflict "grievous" bodily harm. See, e.g., *Commonwealth* v. *Huot,* 380 Mass. 403, 408 (1980). We need not consider the point because it was not raised below. *Commonwealth* v. *Cola,* 18 Mass. App. Ct. 598, 604 (1984). There is no substantial risk of a miscarriage of justice. See *Commonwealth* v. *Freeman,* 352 Mass. 556, 564 (1967). In the circumstances — the defendant had burst into the room where the victim was sleeping and plunged a knife into his heart — placement of the adjective "grievous" before the word "injury" could scarcely have altered the jury's view of the case. Moreover the definition which the judge gave of malice in relation to second degree murder was almost precisely as given in *Commonwealth* v. *Casale,* 381 Mass. 167, 171-172 (1980) ("Murder in the second degree is an unlawful killing with malice aforethought; malice includes any intent to inflict injury on another without legal excuse or palliation").

The defendant also argues for the first time on appeal that the judge erred, when instructing the jury on self-defense, by telling them that they were to consider the opportunity the defendant had to escape from the encounter. That aspect of the charge, the defendant argues, failed to take into account the so-called "castle law," G. L. c. 278, § 8A, inserted by St. 1981, c. 696. Again, we need not consider a point not raised below. Again, there is no substantial risk of miscarriage of justice for the reason, if no other, that the attack on the victim took place in a room sublet to the young woman with whom the victim was keeping company. That room, which the defendant forcefully invaded (he broke the door down) rather than vice versa, was not the defendant's "dwelling."

2. *Prosecutor's closing argument.* Fairly read, the prosecutor's comments about the credibility of certain witnesses were proper argument about how the jury ought to assess the testimony of those witnesses, not a statement of the prosecutor's opinion. Significantly, nothing the prosecutor said provoked any protest from defense counsel at trial. See and compare *Commonwealth* v. *Bourgeois,* 391 Mass. 869, 878-879 (1984).

*Judgment affirmed.*

*Stephen Hrones* for the defendant.

*William H. Kettlewell,* Assistant District Attorney, for the Commonwealth.